[Doc. No. 48]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

```
TEAMSTERS HEALTH AND WELFARE
FUND OF PHILADELPHIA AND
VICINITY, et al.,

                    Plaintiffs,        Civil No.  15-844 (JS)

        v.


COURIER-POST COMPANY,

                    Defendant.
```

<u>**MEMORANDUM OPINION AND ORDER**</u>

    This matter is before the Court on plaintiffs' "Motion for Award of Attorney's Fees and Costs, Interest and Liquidated Damages." [Doc. No. 48].[1] The Court received defendant's response [Doc. No. 49] and plaintiffs' reply [Doc. No. 50]. The Court exercises its discretion not to hold oral argument. Fed. R. Civ. P. 78; L. Civ. R. 78.1. For the reasons to be discussed, plaintiffs' motion is granted in part and denied in part. Although the Court will not award plaintiffs the full amount they requested, the Court awards plaintiffs $8,452.50 in attorney's fees, $1,180.33 in costs, $995.67 in interest, and $619.77 in liquidated damages.

---

[1] The plaintiffs are Teamsters Health and Welfare Fund of Philadelphia and Vicinity, Teamsters Pension Trust Fund of Philadelphia and Vicinity, and Adam Garner, Administrator.

The parties are already familiar with the background of this matter so a detailed summary will not be provided. On December 30, 2015, the Court issued its Memorandum Opinion with Findings of Fact and Conclusions of Law after holding a non-jury trial on December 14 and 15, 2015. See Teamsters Health and Welfare Fund of Philadelphia v. Courier-Post, Co., C.A. No. 15-844 (JS), 2015 WL 9587661 (D.N.J. Dec. 30, 2015).[2] Judgment was entered in favor of plaintiffs and against defendant in the amount of $6,891.72, plus applicable liquidated damages, interest, attorney's fees and costs.

At trial plaintiffs sought an award of $30,041.14 in damages. Although not the only issue in dispute, the primary focus at trial, and the major portion of plaintiffs' damage claim, involved whether pension fund payments had to be paid for Local 628's "personal holidays." The resolution of this issue depended upon how the term "holiday shift" was interpreted. Id. at *2. The Court ultimately ruled in defendant's favor on the issue. After deducting the "personal holidays" claim ($23,149.92) from the total damage claim ($30,041.14), the Court awarded plaintiffs $6,891.72. This sum represented miscellaneous contributions including $2,824.93 in medical bills.

---

[2] Pursuant to 28 U.S.C. §636(c), the parties consented to the jurisdiction of this Court to hear this matter.

Plaintiffs argue they are prevailing parties and are entitled to $21,217.50 in attorney's fees and $1,430.48 in costs, pursuant to 29 U.S.C. §1132(g)(2)(D). Plaintiffs also request interest and liquidated damages pursuant to 29 U.S.C. §1132(g)(2)(B) and (C)(i). Plaintiffs ask for $619.77 in interest for the Pension Fund and $375.90 in interest for the H&W Fund, for a total interest award of $995.67. Plaintiffs also ask for $619.77 in liquidated damages representing "double interest" under 29 U.S.C. §1132(g)(2)(C)(i).

Defendant objects to plaintiffs' requests on several grounds. Defendant points out that fifty-four (54) days after the complaint was filed it offered to settle for $6,891.72, the same amount the Court awarded plaintiffs. And, defendant points out, on November 25, 2015, it extended plaintiffs a Fed. R. Civ. P. 68 Offer of Judgment in the amount of $6,891.72, plus reasonable attorney's fees, interest and costs. Defendant argues plaintiffs' low degree of success warrants a substantially reduced fee award. In addition, defendant argues plaintiffs failed to substantiate the reasonableness of their claimed hourly rate, the hours spent on several tasks were unreasonable, and certain claimed costs are not supported by adequate documentation. In addition, defendant argues plaintiffs must pay defendant's post-Offer of Judgment costs.

Discussion

Pursuant to 29 U.S.C. §1132(g)(2), plaintiffs are entitled to an award of reasonable attorney's fees and costs of this action

3

since they are prevailing parties. Pursuant to applicable Third Circuit precedent, plaintiffs are prevailing parties if they succeeded on any "significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit." P.N. v. Clementon Board of Education, 442 F.3d 848, 855 (3d Cir. 2006)(citation and quotation omitted).   As noted in Clementon, "[t]he relevant inquiry is whether plaintiffs' success was significant. Regardless of how substantial their success, if plaintiffs succeeded on a significant issue they are entitled to prevailing party status." Id. at 856. There is no serious dispute that plaintiffs are prevailing parties.

Plaintiffs are seeking attorney's fees in the total amount of $21,217.50. This amount was reached by computing the lodestar, which is calculated by multiplying the attorney's reasonable hourly rate by the number of hours reasonably expended on the matter. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983); Interfaith Community Org. v. Honeywell Int'l., Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005). The lodestar is presumptively reasonable but may require subsequent adjustment. United Automobile Workers Local 259 Social Security Dept. v. Metro Auto Center, 501 F.3d 283, 290 (3d Cir. 2007). Plaintiffs contend Susan Murray, Esquire, spent a total of 55.2 hours on the case at a billing rate of $325.00, for a total claim of $17,797.50. Plaintiffs contend a Senior Paralegal spent 22.8 hours on the case at a billing rate of

$150.00 for a total claim of $3,420.00. As noted, the total fee claim is $21,217.50.

1.   <u>Degree of Success</u>

As to the lodestar amount, defendant argues the claim of $21,217.50 should be reduced because of plaintiffs' low degree of success. Defendant contends rather than making adjustments from the lodestar, the fee analysis should start with the sum of $8,452.50, which is plaintiffs' accrued fees as of November 25, 2015, the date defendant served plaintiffs with its Offer of Judgment.[3]

To be clear, the Third Circuit has rejected a proportionality rule for attorney's fees awarded under ERISA. <u>Hahnemann Univ. Hosp. v. All Shore, Inc.</u>, 514 F.3d 300, 311 (3d Cir. 2008). Thus, plaintiffs' fee award does not necessarily have to be proportional to the $6,891.72 Judgment. Rather than proportionality, however, "[i]t is the degree of success, rather than the amount of recovery, that drives the fee analysis." <u>Tomasko v. Ira H. Weinstock, P.C.</u>, 357 Fed. Appx. 472, 478 (3d Cir. 2009)(affirming the lower court's holding reducing by two-thirds the plaintiff's fees through trial to account for plaintiff's limited success).

Although plaintiffs are prevailing parties, the Court finds that a downward adjustment from the lodestar will be imposed. This

---

[3] Plaintiffs do not challenge this calculation.

is appropriate because plaintiffs had a limited degree of success at trial. This is aptly demonstrated by the fact that plaintiffs' award was the same amount defendant offered to settle shortly after the complaint was filed. Also, plaintiffs' award was the same amount as defendant's Offer of Judgment. In addition, plaintiffs did not prevail on the "personal holidays" issue that was the focus of discovery and trial. Thus, the Court deems it appropriate to impose a downward adjustment to plaintiffs' lodestar to reflect plaintiffs' limited degree of success. Hensley, 461 U.S. at 435-36 (the lodestar may need to be reduced even where the plaintiff's unsuccessful claims were interrelated, non-frivolous, and raised in good faith).

    As to the amount of the downward adjustment to impose, there is no precise formula. Instead, district courts have wide discretion to determine whether and by how much fees should be reduced for lack of success. Id. at 436-37. The Court agrees with plaintiffs that defendant has not provided any persuasive support for its argument that its Rule 68 Offer of Judgment mandates that plaintiffs' attorney's fee claim be reduced. Nevertheless, the fact that defendant's Offer of Judgment was the same amount as plaintiffs' award is relevant to the downward adjustment to be imposed. It is hard to argue with the notion that fees incurred after a party rejects a settlement offer are of limited benefit when the offer is the same amount as the final award. United

Automotive Workers, 501 F.3d at 291; see also McDonnell v. United States, 870 F. Supp. 576, 589 (D.N.J. 1994)(holding that when the amount of time spent on successful and unsuccessful claims is not available, courts "must consider the relief plaintiff achieved in relation to the relief which he sought but did not receive in determining the appropriate size of the fee award"); Deptford Township School District v. H.B., No. 01-784 (JBS), 2006 WL 3779820 (D.N.J. Dec. 21, 2006)(denying plaintiff's application for fees after March 27, 2003, because after this date plaintiff enjoyed no success).

After considering all relevant factors, the Court decides that a downward adjustment of plaintiffs' loadstar to $8,452.50 is fair, reasonable and appropriate. This is an approximate 60% adjustment of plaintiffs' fee claim. This adjustment properly reflects plaintiffs' limited degree of success and the fact that plaintiffs could have settled for the same amount as the eventual award. Further, the Court's downward adjustment is not out of line with adjustments granted in other cases. Tomasko, 357 Fed. Appx. at 479 (affirming lower court's downward adjustment of fee claim to two-thirds of amount claimed).[4]

---

[4] Typically, the hourly rate and number of hours worked is analyzed before deciding if the lodestar should be adjusted. The Court deemed it appropriate to switch the order in this case.

The Court is not unsympathetic to plaintiffs' argument that the lodestar should not be reduced because of their lack of success. Plaintiffs argue a reduction will have a "chilling effect" on future viable cases. Nevertheless, there is no case law holding that in ERISA cases all attorney's fees should be awarded even if a plaintiff achieves some but not predominant success. Further, it is not insignificant that the Court's fee award is not <u>de</u> <u>minimis</u> and, in fact, is larger than the amount of the Judgment. In addition, it is not an accident that although plaintiffs' recovery was only 23% of what they sought, the Court awarded plaintiffs 40% of their attorney's fee claim. This should mollify plaintiffs' concerns about the Court's fee award having a "chilling effect". The Court's award strikes a fair balance between the parties' respective interests.

2.    <u>Hourly Rate</u>

A reasonable hourly rate is calculated according to the prevailing market rate in the community. <u>S.D. v. Manville Bd. of Educ.</u>, 989 F. Supp. 649, 656 (D.N.J. 1998). "This burden is normally addressed by submitting the affidavits of other attorneys in the relevant legal community, attesting to the range of prevailing rates charged by attorneys with similar skill and experience." <u>Id.</u> A court should assess the skill and experience of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers

8

of reasonably comparable skill, experience, and reputation. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). The party seeking to recover attorney's fees has the initial burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the legal services rendered in order to make out a prima facie case." Lanni v. New Jersey, 259 F.3d at 146, 149 (3d Cir. 2001).

Unfortunately, plaintiffs did not submit affidavits from other attorneys regarding a reasonable market hourly rate to use. Therefore, the Court will use its discretion to determine the market rate. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1036 (3d Cir. 1996)("In absence of such a showing, the district court must exercise its discretion in fixing a reasonable hourly rate."); Loughner v. Univ. of Pittsburgh, 260 F.3d 173, 180 (3d Cir. 2001)("Having rejected the prevailing party's evidence of rates, the District Court was free to affix an adjusted rate."). However, a district court should not determine the hourly rate "based upon a generalized sense of what is customary or proper, but rather must rely upon the record." Hurley v. Atlantic City Police Dep't, 174 F.3d 95, 131–32 (3d Cir. 1999)(citation, quotation and emphasis omitted).

Plaintiffs' request an hourly fee of $325.00 for Ms. Murray and an hourly rate of $150 for her Senior Paralegal. To support the claimed hourly rates plaintiffs submitted the February 11,

2016 Declaration of Ms. Murray [Doc. No. 48-3] attesting to the experience of Ms. Murray and her paralegal. Ms. Murray graduated from law school in 1988 and has substantial litigation experience, especially representing Taft-Hartley Funds and litigating ERISA cases. Ms. Becker, Ms. Murray's paralegal, also has substantial relevant litigation experience, having worked with Ms. Murray since 1998.

In addition to the foregoing, plaintiffs support their claimed hourly rate with citations to relevant rulings in comparable cases. See Chaaban v. Criscito, No. 08-1567 (SDW), 2013 WL 1737689, at *11 (D.N.J. April 3, 2013)(finding $350-$500/hr. reasonable for partners, $225-$300/hr. reasonable for associates); Teamsters H&W Fund of Philadelphia and Vic. v. Rock Canyon, No. 14-4425, 2015 WL 1321722, at *1 (D.N.J. March 24, 2015)($150/hr. reasonable for a paralegal's rate); see also Nat. Elec. Ben. Fund v. Starko Elec. Services, Inc., No. 06-1446 (JAG), 2010 WL 1049980, at *4 (D.N.J. March 16, 2010)(hourly billing rates of up to $650 for partners, $425 for associates, and $200 for paralegals found to be reasonable rates in ERISA actions).

Based on the experience and expertise of Ms. Murray and Ms. Becker, and the rulings in other relevant cases, the Court finds

that plaintiffs' claimed hourly rates of $325 and $150 are fair, reasonable and appropriate and will be approved.[5]

3.   <u>Hours Expended</u>

Defendant challenges several entries on plaintiffs' time sheets as unreasonable. <u>See</u> Brief at 13-15. The Court has reviewed all of defendant's challenges and finds they have no merit. In other words, the Court finds that the hours plaintiffs' timekeepers spent up to the time of defendant's Rule 68 Offer of Judgment were reasonably spent and will not be reduced.

4.   <u>Costs</u>

Defendant challenges plaintiffs' cost claim in the total amount of $1,430.48. Brief at 16. Defendant argues plaintiffs' costs are not recoverable and are not supported by adequate documentation. The Court disagrees. <u>See</u> March 10, 2016 Declaration of Ms. Murray, with attachments [Doc. Nos. 50-2 and 3].

Defendant also argues that since plaintiffs' final judgment is not more favorable than defendant's unaccepted offer, plaintiffs must pay defendant's costs of $250.05 incurred after its Offer of Judgment was made. The Court agrees with defendant that this result is required under Rule 68 and will, therefore, deduct $250.15 from plaintiffs' cost claim of $1,430.48.

---

[5] Paralegal fees are recoverable in addition to attorney's fees. <u>Rock Canyon</u>, 2015 WL 1321722, at *2 (approving $150 hourly rate for Ms. Becker as she performed tasks equivalent to that of a law clerk).

5.   <u>Interest and Liquidated Damages</u>

Defendant does not challenge plaintiffs' entitlement to $995.67 in interest and $619.77 in "double interest" pursuant to 29 U.S.C. §1132(g)(2)(c)(i). Thus, these amounts will be awarded.

<u>Conclusion and Order</u>

Based upon the foregoing, plaintiffs' motion will be granted but not for all the sums claimed. Accordingly, for all the foregoing reasons, it is hereby ORDERED this 18th day of July, 2016, that plaintiffs' Motion for Award of Attorney's Fees and Costs, Interest and Liquidated Damages is GRANTED in part and DENIED in part; and it is further

ORDERED that plaintiffs are awarded attorney's fees in the amount of $8,452.50, costs in the amount of $1,180.33, interest in the amount of $995.67, and liquidated damages in the amount of $619.77. These amounts shall be deemed to be included in the Judgment entered in the case.[6]

<u>s/Joel Schneider</u>
JOEL SCHNEIDER
United States Magistrate Judge

---

[6] The Court agrees with plaintiffs that fees to prepare their fee application are recoverable. <u>Maldonado v. Houstoun</u>, 256 F.3d 181, 187 (3d Cir. 2001). Nonetheless, for the reasons discussed herein the Court determined that only the fees accrued as of November 25, 2015 are recoverable.